Sanford, J.
By articles of agreement dated November 1, 1876, the plaintiffs, executors, agreed to sell to the defendant, for $120,000, a house and lot of land in the city of New York; and, upon receipt of the purchase-money, at the time, and in the manner mentioned in the contract, to execute and deliver to defendant, or to his assigns “a proper executor’s deed for the conveying or assuring to him, or them, the fee simple of the said premises, free from all incumbrance, except, as above-mentioned, and those contained in deed to J".” [naming the testator]. The lot in question forms part of a tract conveyed, in one parcel, by two persons, by deed, dated May 15, 1849, and by their grantee and wife, conveyed, as one parcel, to the testator, by deed dated February 9, 1854.
*58 The said deed of May 15, 1849, contained a clause whereby the grantee therein named covenanted and agreed with the grantor, her heirs, executors, administrators and assigns, “as one of the terms and conditions upon which the foregoing conveyance is made,” that neither he, nor his heirs, nor assigns, should erect any buildings, within forty feet of the front of any of the lots therein described, except of certain materials and of a certain character therein specified ; nor should he or they, erect or build, or suffer or permit to be, upon any part of the premises, any of several kinds of structures, trade or business therein, particularly enumerated.
The deed of February 9, 1854, to J. [the testator], conveyed the same premises, “ subject to a certain covenant and condition contained in the above-mentioned deed” of 1849, “against the erection of buildings on, and the permission or suffering, on said premises, or any part thereof, any building, or trade, or business therein specified.” It also contained a clause whereby the testator entered into the like covenant with.his grantor, “as one of the terms and conditions upon which” the conveyance ,to him was made, that neither he nor his heirs, nor his assigns, should erect or build, or suffer, or permit any of the obnoxious structures or trades thus enumerated.
. On the day fixed for the completion of the purchase, the plaintiffs tendered to the defendant a deed, duly executed, conveying the premises in question, subject to the aforesaid covenant and condition contained in the deed of 1849, and subject also to the further condition above-mentioned, contained in the deed to the testator. The defendant refused to accept such deed on the sole ground that it contained the restrictive clauses above set forth. The present action was thereupon brought for a specific performance by the vendee, of his contract of purchase.
*59 On the trial, it appeared in evidence that the contract of purchase and sale was drawn at the office of the brokers through whom the sale was negotiated, by a clerk in their employ, after an interview between the defendant and the plaintiff, in this action; that no lawyer was in attendance at such interview; that the deed to the testator was then and there produced and read by defendant, who called attention to the restrictive clauses therein contained. The plaintiff thereupon stated in substance that he wished to be very particular in conveying nothing but what was conveyed to his testator, the grantee, in and by that deed, and that the contract should be drawn in that way. He further stated that the clause in question was the usual restrictive clause put in deeds of that character, and did not affect the title or value of the property. The contract was then signed.
Upon this state of facts the defendant insists that by the terms of the contract, he is entitled to have conveyed to him a good and indefeasible estate in fee simple; that by reason of the condition thereto annexed, the estate held by the testator was not of this character ; that such estate was and is defeasible upon breach of such conditions,—that the words of the contract, “free from all incumbrance except .....those contained in deed to” the testator, are not to be construed as comprehending or relating to the condition ; that the term incumbrance, as applied to an estate in land, has a technical and restricted signification, and is inapplicable to a condition subsequent, upon breach whereof the estate may terminate ; and, finally, that even if the restrictive clauses contained in the deed to the testator, are to be deemed incumbrances, within the meaning of the contract, the statements and representations made by the plaintiff, at the time when the contract was prepared and executed, were such as to destroy its *60 validity and effect, and to discharge him from all obligation under it.
It must be conceded that the express terms of the contract certainly entitled the defendant to an estate in fee simple, without any condition, which can alter, impair, determine or divest it, unless Ms right to such an estate is qualified by the exceptional clause of the contract in reference to incumbrances contained in the deed to the testator.
A contract to “sell” land can only be performed by giving a conveyance that will vest in the grantee an unincumbered and indefeasible estate (Burwell v. Jackson, 9 N. Y. 535; Delavan v. Duncan, 49 N. Y. 485). Here, there is not oMy a contract to sell, but to execute a proper deed for the conveying and assuring to the grantee the fee simple - of the premises sold. If, then, the estate of the testator was not .an indefeasible and unincumbered estate in fee simple, the purchaser is absolved from all obligation to accept the title offered him, unless the objections thereto are obviated by the exceptional clause, which refers to incumbrances contained in the testator’s deed. The defendant is not understood as objecting to the title on the ground of restrictions upon the use of the.premises in question, in so far as such restrictions rest merely in covenant, but confines his objection to the uncertain tenure, of the title as depending upon the condition that the covenants are observed. His defense is that “the title of the testator, and of the said plaintiffs, was and is subject to conditions subsequent, the breach of which would defeat the estate of the plaintiffs, and any title which plaintiffs might convey” to him. We have, therefore, to consider, in the first place, whether the conveyances to the testator and his grantor, respectively, were such as to vest in them an absolute and unconditional estate, in fee simple, or *61 whether they, respectively, acquired, by virtue of such conveyances, only a determinable fee.
It is contended on the part of the plaintiffs, that the restrictions in question rest merely in covenant, and that they are to be construed as not constituting a grant upon condition, or as a reservation of a possibility of reverter; that the words “as one of the terms and conditions upon which this conveyance is made” —relate to the insertion of the covenant in the deed; that the making of the covenant, and not its performance, constitutes the condition, and that, the covenant having been made, the condition is fulfilled. It is true that the words thus quoted are the words of the grantee, not those of the grantor; that they are not found in proximity to the terms of grant, nor in the habendum clause of the deed; that they appear only in connection with the covenant itself, and that the deed contains no clause of re-entry in case of breach. But, unless they relate to and restrict the grant, they have no significance or effect whatever, and might as well have been wholly omitted. Without them,, the construction of the instrument would have been precisely that which is now insisted upon; and force can only be given to them, by construing them as adding to the remedies which are applicable to a threatened or perpetrated breach of covenant, the forfeiture which is incident to a breach of condition. Had they preceded the covenant, and the instrument had read—“ It is one of the conditions upon which this conveyance is made, and the grantee, for himself, his heirs, &e;,—doth hereby covenant, &c.,”—no one would have pretended that the conveyance, itself, was not made upon the condition that the prohibited structures and pursuits should not be erected, or permitted. I cannot think that so slight a change in the collocation of the words would afford evidence of any different intent, or impart to them a different significance. In Gibert v. Peteler, *62 (38 Barb. 488; 38 N. Y. 165), a deed, containing a covenant of somewhat similar character, to the effect that the grantee therein named would not erect any building upon the premises thereby conveyed, the effect of which should be to obstruct, injure, or impair the view or prospect from adjoining premises, with a proviso that “in case of the breach of this covenant, the land thereby conveyed shall be forfeited to the said party of the first part (the grantor), his heirs or assigns ” — was construed as a grant upon condition. “This is language,” say the court of appeals, “ as strong as could possibly be employed to make the land described in that deed an estate upon condition.” The language employed in the conveyance now under consideration is no less emphatic and unmistakable, and I think that in this case, as in that, the obligation not to build upon or use the premises in the prohibited manner constituted a condition subsequent, valid in law, the effect of whose breach would be to divest the estate. It, therefore, affords sufficient ground for refusing to accept the title, unless the language of the contract, excepting those incumbrances contained in the deed to the testator, be deemed sufficiently comprehensive to subject the defendant, and the estate which the plaintiffs agreed to convey to him, to that obligation and condition. In Plumb v. Tubbs (41 N. Y. 442), the principle established by Gfibert v. Peteler was approved, and that case was declared to be decisive of the principal question involved.
We have, therefore, to consider next, whether a condition subsequent grafted upon an estate, at the time of its creation, constitutes an “incumbrance” within the meaning of the exceptional clause of the contract. And I think it clear that the word incumbrance, as there used, particularly as the contract was not drawn by a lawyer, should be deemed to have been employed, according to its common and current use *63 and significance, and not in any narrow or technical sense, if indeed snch it have. An incumbrance is defined to be a burden, an obstruction, an impediment. As applied to an estate in land, it may fairly include whatever charges, burdens, obstructs, or impairs its use, or prevents or impedes its transfer. Thus, the ordinary covenant against incumbrances has been held to be broken by outstanding contracts and covenants, restricting the use of land, and not involving forfeiture ; as, in Giles v. Dugro (1 Duer, 331), where a license' to an adjoining owner to use a party wall was held to be an incumbrance. So, in Roberts v. Levy (3 Abb. Pr. N. S. 311), where it was held that a covenant between owners of adjoining lots, that all buildings thereon should beset back a specified distance from the street, constituted an “incumbrance.” In Stanard v. Eldridge (16 Johns. 254), a covenant that the grantor is seized “without any manner of condition to alter, change, determine, or defeat the same,” was held to be not only a covenant of seizin, but also, in effect, a covenant against incumbrances. Indeed, the ordinary form of that covenant is that the premises are free, clear, discharged, and “unincumbered of” all former and other “grants, titles, charges, and estates,” as well as judgments, taxes, and other liens. In the statement of the case of Gibert v. Peteler, above cited, which precedes the opinion of the supreme court (38 Barb. 488), the covenant and forfeiture therein adjudicated upon, are more than once designated as an incumbrance. These citations show that there is nothing forced or strained in the construction which gives to the word a signification sufficiently broad and comprehensive to include the covenant and condition now under consideration. ■ And, indeed, if it be conceded that the restrictions in the deed to the testator, in so far as they rest in covenant, would constitute no objection to the title, by reason of the exceptional *64 clause contained in the contract; in other words, if the covenant contained in the deed whereby such restrictions are imposed, would constitute an incumbrance in the absence of the words which we have construed as importing also a condition, it is difficult to perceive why such restrictions would anythe less incumber the title, because imposed in the form of a condition as well. I think that even in the technical as well as in the ordinary sense of the term, all restrictions, obstructions, and impediments, tending to prevent or impair the free use and transfer of real estate, may be deemed incumbrances ’ ’ within the fair import and meaning of the exceptional clauseand that, construing it according to its terms, and without resorting to extrinsic evidence, this conclusion is inevitable.
If, however, we may invoke the aid of the surrounding circumstances, and may consider the facts disclosed by the evidence, viz., that the deed to the testator was produced, and was read by defendant, that the plaintiff refused to contract for a conveyance of anything more than that deed conveyed, and stated that the contract must be drawn in accordance with its provisions; that the restrictions in question were thereupon made the subject of comment and discussion ; and that the agreement was thereafter prepared and executed,—I think it clear that the intent of both the parties was to contract for a conveyance subject to the same restrictions ; imposed in the same, or a substantially similar form. Whether that intent, on the part of defendant, was induced by inaccurate or unfounded representations, is an entirely different question. What I mean to assert is, that the minds of the parties met, and that they gave to the term incumbrance a practical construction, which included the condition in question, since, as matter of fact, they. intended to designate, and did designate, those very restrictions, and none others, when they *65 employed that term. The only other incumbrances affecting the premises in question, and contained in the deed to the testator were certain mortgages, for small amounts, not claimed to be now outstanding, or to have been referred to by the clause in question.
It only remains to inquire whether the obligations of the defendant under the contract are discharged, or in any wise impaired, by the statements made to him by the plaintiff, in substance and to the effect, as he understood them, that the restrictions in question were usual, and did not affect the title or value of the property. There is no evidence tending directly or indirectly to show that they were not usual, as respects all other property in the vicinity; or to impugn the sincerity and good faith of the plaintiff, in making them. In asserting that they did not affect the title or value of the property, he probably merely meant that the title and value were, as he may well have believed, not adversely or injuriously affected thereby. Others, more competent than he to understand and appreciate narrow distinctions of phraseology, and to express more accurately the nicer shades of their meaning, perhaps entertain the same opinion. The defendant did not testify, nor is it to be inferred, that he entered into the contract on the faith of these statements and opinions, or believing them to be well founded. If he did, he cannot escape from its obligations, unless they are to be deemed fraudulent. I think that both the defendant and his counsel would revolt from such an imputation. Barlow v. Scott (24 N. Y. 40), is cited as perhaps bearing upon this question ; but that was a clear case of fraud, presenting no analogy to the case at bar.
The plaintiffs are entitled to judgment that the contract be specifically performed.
Let findings be prepared in accordance with these, views, and submitted for signature, on one day’s notice..