### SCHIFF v. TAMOR et al.

(Supreme Court, Appellate Division, Second Department.  April 21, 1905.)

1. VENDOR AND PURCHASER—REFUSAL TO PERFORM—JUSTIFICATION.
    Where a contract for the sale of land obligated the vendor to obtain an
    extension of an existing mortgage on the premises, and the vendor only
    offered an extension subject to a provision that, if the state enacted legis-
    lation taxing mortgages, the amount of such tax, up to the full legal rate
    of interest, should be paid by the mortgagor, and in the event the tax
    exceeded the legal rate of interest the mortgage, at the election of the
    mortgagee, should become presently due and payable, the vendee was
    entitled, as a matter of law, to refuse performance of the contract.

2. SAME—PURCHASE PRICE—RECOVERY.
    Where a vendor of real estate was not entitled to compel specific per-
    formance by reason of his inability to procure an extension of a mortgage,
    as required by the contract, he was not entitled to retain an amount paid
    by the vendee on account of the purchase price, or be relieved from the
    stipulated charges for searches, etc.

**3. SAME—COSTS—EXTRA ALLOWANCE.**

Where there were equitable reasons warranting an extra allowance of costs to defendant in an action for specific performance of a contract for the sale of land, and such allowance was made without objection by plaintiff at the trial, it would not be reversed on appeal, though it was not a case for an additional allowance under the provisions of the Code.

Appeal from Special Term.

Action by Joseph Schiff against Abraham I. Tamor and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Jacob R. Schiff, for appellant.
Jacob Manheim, for respondents.

WOODWARD, J. The plaintiff brought this action to compel the specific performance of a contract for the purchase of certain real estate situated in the borough of Manhattan. It appears that the plaintiff had a contract for the purchase of the premises in question from Simon Goldstein and Max Gennis, and that he subsequently became the owner in fee of the same. On the 10th day of July, 1903, the plaintiff, having the above contract, entered into a contract with the defendants for the sale of the premises, agreeing to transfer the property on the 14th day of August, 1903, which date was subsequently changed by mutual agreement to the 19th day of August. By the terms of the contract between the plaintiff and defendants the latter were, in addition to certain cash considerations, to assume a mortgage for $18,000 against the premises, and the plaintiff stipulated that "the principal sum of" this mortgage was "to be extended, prior to the closing of title hereunder, for not less than three years, at the same rate of interest, by an extension in writing executed by the holder thereof and duly acknowledged." Obviously the fair import of this contract was that the defendants were to have an extension of the then existing mortgage for a period of three years at the rate of interest provided by the mortgage, without any other conditions than those named in the mortgage. On the day fixed for the transfer the defendants were on hand with the money necessary to close the transaction, and offered to perform, but when the plaintiff produced the extension in writing it was coupled with a provision that, if the state of New York enacted legislation taxing mortgages, the amount of such tax, up to the full legal rate of interest, should be paid by the mortgagor, and that in the event of such tax exceeding the legal rate of interest the mortgage was, at the election of the mortgagee, to become presently due and payable. The defendants refused to accept the conveyance under the provisions of this extension, and the plaintiff brought this action for specific performance. The defendants pleaded the contract, and, as a counterclaim, demanded a return of the $500 paid on the execution and delivery of the contract of sale. Upon the trial the plaintiff withdrew his complaint, and the trial proceeded upon the counterclaim, the defendants taking

the affirmative and establishing the facts as briefly outlined above. The contract provided for the payment of $125 for searches, etc., in the event of the agreement falling through, and the action was tried purely for the recovery of the $500, and the $125 provided for by the terms of the contract, although the original claim was for larger damages.

Practically the only question in the case is whether, as a matter of law, the defendants, upon the failure of the plaintiff to give the extension according to its terms, were justified in refusing to accept the premises, and thus became entitled to a refund of the money advanced and the stipulated charges, and we are clearly of opinion that the determination of the learned court at Special Term was justified. While it may be that there is no great danger of the Legislature enacting the statute suggested, it is conceded by the plaintiff that prudently managed corporations, like the owner of the mortgage involved here, have been in the habit of inserting like clauses in their mortgages, and this court will hardly take judicial notice of the improbability of the Legislature enacting any revenue measure within the scope of its constitutional powers, for the sake of working a forfeiture upon persons who have lawfully contracted and who have shown a willingness to perform within the fair intent of their contracts. The contract of the defendants was for an unconditional extension of the mortgage, just as it then existed, for a period of three years. This was a condition precedent to the right of the plaintiff to performance, and it was not satisfied by an extension which might, upon a contingency, increase the interest from 4 to 6 per cent., or make the mortgage fall due in a less period than three years. If the plaintiff was not entitled to a decree for specific performance, and this was abandoned upon the trial, it is difficult to understand how he can be entitled to retain the $500 paid on account of the purchase, or be relieved from the stipulated charges for searches, etc., and it is clearly not the law that a contract made upon a condition can be binding upon the other party without a performance or a waiver of the condition.

While we are inclined to the opinion that this was not a case for an additional allowance under the provisions of the Code of Civil Procedure, it was made without objection or exception on the part of the plaintiff, and there are equitable reasons why it should not be denied on this appeal. The case may have presented, in some of its aspects, before the plaintiff withdrew his complaint, difficult and extraordinary conditions, and, in the absence of objection or exception, it may be held that such was the case.

The judgment appealed from should be affirmed, with costs. All concur.