(50 Misc. Rep. 186)

## OPPENHEIMER v. KNEPPER REALTY CO.

(Supreme Court, Appellate Term. March 26, 1906.)

1. VENDOR AND PURCHASER—RESCISSION OF CONTRACT—DEFECT IN TITLE—INCUMBRANCES.

The existence of a party wall on a lot, together with a covenant, running with the land, providing for the rebuilding of the wall at the joint expense of the owners of the lots, is an incumbrance, within a contract for the conveyance of the lot free from incumbrances, and the purchaser is not obliged to carry out the contract.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 250, 257.]

2. SAME—REMEDIES OF PURCHASER—TENDER OF PERFORMANCE—FAILURE—EFFECT.

A purchaser contracted for the purchase of a lot free from incumbrances. The lot was incumbered by a party wall, together with a covenant, running with the land, providing for the rebuilding of the wall at the joint expense of the owners thereof. There was nothing to show that the vendor could have removed the incumbrance. Held, that the purchaser was entitled to recover the money paid on the contract and damages for the vendor's inability to convey, without first tendering performance on his part.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 1031.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Anna Oppenheimer against the Knepper Realty Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Louis H. Levin, for appellant.
Joseph Rosenzweig, for respondent.

SCOTT, P. J.    Action to recover deposit on a contract for the sale of real estate and damages for nonfulfillment. The property involved consisted of a lot of land and building on Second avenue. The description in the contract indicated that the northerly wall of the building was a party wall, but was silent as to the southerly wall. The defendant agreed to convey the property free from all incumbrances except as stated in the contract. In fact the southerly wall was a party wall, existing under two agreements between former owners of the lot in question and the owners of the lot adjoining on the south. These agreements are declared to be perpetual and to constitute covenants running with the land. Both agreements provided that in case of destruction the wall was to be rebuilt at the joint expense of the owners of both lots. There can be no doubt that these part-wall agreements constituted an incumbrance upon the property, which prevented compliance by defendant with the terms of its contract and relieved plaintiff's assignor from the obligation of accepting a deed. O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314.

It is urged, however, and the justice apparently considered, that this particular objection was not raised at the time the parties met to conclude the sale, and that it must therefore be deemed to have been waived, and there is much question whether plaintiff's assignor made any effectual tender of performance on his part. The existence of the party-wall agreements made it impossible for the defendant to fulfill its contract according to its tenor on the law day. The rule is that tender of performance on the part of the vendee is dispensed with in a case where it appears that the vendor is disabled from performance on the day fixed therefor. In such a case tender of performance on the part of the vendee would be a mere idle ceremony, and the vendee may, without tender or demand, sue for the money paid on the contract and for damages. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080. This rule, however, does not apply when it appears that the incumbrance constituting an objection to the title is one which is within the power of the vendor to remove. In such a case the vendee may not maintain an action unless he tenders performance and makes his objection at the time fixed for performance; for he will then be deemed to have waived the objection. But, if the incumbrance be one not within the power of the vendor to remove, the vendee, in order to maintain an action, need not make tender or raise the particular objection at the time fixed for closing the title. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287.

There are certain incumbrances as to which it may be presumed that the vendor, if his attention were called thereto, could and would re-

move, such as an overdue mortgage or taxes, or a servitude in favor of other property owned by him. Where, however, the incumbrance consists, as in the present case, of a servitude in favor of the property of a stranger, there is no presumption that it lay within the vendor's power to remove or extinguish the incumbrance. In fact, the presumption, if any there be, is quite the other way. Such an incumbrance, therefore, is not waived, because not raised at the time fixed for performance on the contract, when other objections, untenable in their nature were raised, and its existence excuses any lack or deficiency there may have been in the vendee's tender and demand of performance. No evidence whatever was offered to show that the vendor could, if the objection had been made at the time, have caused the removal of the incumbrance. In the absence of such evidence, the plaintiff was entitled to recover the money paid on account of the contract and the reasonable damages due to defendant's inability to perform.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

(50. Misc. Rep. 624)