(119 App. Div. 709)

## CLEXTON v. TUNNARD.

(Supreme Court, Appellate Division, Third Department.  May 24, 1907.)

1. SPECIFIC PERFORMANCE—PLEADING—COMPLAINT.

A complaint in an action to compel specific performance of a contract for the sale of land alleged a written contract of sale, that plaintiff had always been ready and willing to perform his part of the agreement, that he had tendered a deed to defendant pursuant to the agreement and demanded payment of the purchase price, but that defendant had refused to perform.  *Held*, that the complaint was not demurrable on the ground that it did not allege that plaintiff was able to convey the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 365.]

2. SAME—PERSONS ENTITLED TO SUE.

Where a written contract for the sale of land described the vendor as the executor of the will of a certain testator, and the word "executor"

followed his signature, but the contract was not executed by him "as" executor, the case was within the rule as to descriptio personæ, and the vendor was entitled to bring an action in his individual name for specific performance.

Chester, J., dissenting

Appeal from Special Term, Saratoga County.

Action by Theodore A. Clexton against Catherine Tunnard. Plaintiff appeals from a judgment dismissing the complaint. Reversed, and new trial granted.

In the complaint is alleged in substance that the plaintiff, on the 10th day of May, 1905, entered into an agreement in writing with the defendant by which the plaintiff agreed to sell certain lands therein described to the defendant upon the terms stated in the complaint, and to deliver to the defendant a good and sufficient warranty deed for the conveying to her of the said premises; that the said defendant, on the execution of said agreement, paid to plaintiff the sum of $100 in accordance therewith; that the plaintiff has always been and still is ready and willing to perform the said agreement on his part; and that he thereafter did tender to the defendant a deed of said premises pursuant to the terms of said agreement, and demanded the payment of the balance of the consideration therefor from the defendant, and she then refused, and ever since has refused, to perform. At the opening of the trial the defendant moved to dismiss the complaint for insufficiency. No evidence was taken. There appear in the record two papers, one the contract upon which, apparently, the action was brought, and the other the will under which the title of this property rested at the time of the contract and at the time of the trial. This contract was made between "Theodore A. Clexton, of Troy, Rensselaer county, state of New York, executor of the estate of the late Emeline Lamb, of Waterford, Saratoga county, of the first part, and Mrs. Thomas Tunnard, of the village of Waterford, county of Saratoga, and state of New York, of the second part, in the manner following," etc. Thereafter follows the contract upon which the complaint is based, which is signed: "T. A. Clexton, Ex. [L. S.]" "Mrs. Thomas Tunnard. [L. S.]" The will of Emeline Lamb purports, after certain legacies, to give all of the rest and residue of the testatrix's property to Mary A. Clexton, and nominates Theodore A. Clexton, this plaintiff, as her sole executor. It appears by the complaint that Mary A. Clexton was the wife of the executor, and in the will there is no power of sale given to the executor. In the reply the plaintiff admits that he does not have the title to the property which he had agreed, under the contract, to convey. The court, upon the facts and upon the pleadings, dismissed the complaint, and from the judgment entered thereupon this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. W. Atkinson, for appellant.
John Scanlon, for respondent.

SMITH, P. J. The complaint itself states a cause of action. It is criticised by the defendant as not alleging that the plaintiff is able to convey the property. It does state, however, that the plaintiff "has always been, and still is, ready and willing to perform the said agreement on his part," and that he thereafter did tender to the defendant a deed of said premises pursuant to the terms of said agreement, and demanded the payment of the balance of the consideration therefor from the defendant, and she then refused, and ever since has refused, to perform. This allegation of readiness and willingness to perform and a tender of a deed pursuant to the terms of the contract is, in

our judgment, a sufficient allegation of ability to perform. Rawson v. Johnson, 1 East, 203; Cort & Gee v. Ambergate, 17 Adlph. & Ellis (N. S.) 127, 144. In Kuntz v. Schnugg, 99 App. Div. 191, 90 N. Y. Supp. 933, what is said as to the necessity of an allegation of ability to perform seems to be obiter. Further, inability to perform a contract has usually been regarded as matter of defense, and it has not been deemed essential to allege ability to perform at the time of making the complaint, as the defendant might be able to give a good title at the time of the decree. Pierce v. Nichole, 1 Paige, 244; Brown v. Haff, 5 Paige, 235, 28 Am. Dec. 425; Reformed Protestant Dutch Church v. Mott, 7 Paige, 77, 32 Am. Dec. 613.

This contract was executed by the plaintiff individually. It is not executed by him as executor. The addition of the word "executor" is simply descriptio personæ, and he has the right to bring the action in his individual name as upon an individual contract. Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58. If this contract, then, be an individual contract, the objection of want of mutuality is not good. The deed which he tendered in performance of the contract would probably have been proven under the pleading to have been the deed of his wife, to whom the property passed under the will in question. If so, there is no reason why he is not entitled to full performance of the contract and to the moneys that are due thereunder.

It is most unsafe practice to dismiss a complaint without a word of evidence, where the complaint states a good cause of action. What may have been assumed upon the trial as to this will, or as to this contract, are only matters of inference. What was stated by plaintiff's counsel does not appear. It only appears that he argued against the motion to dismiss the complaint. In the most favorable view of this case for the respondent the will and contract were assumed to have been properly executed and to have been the papers determining the rights of the parties herein. But even then, as the complaint states a good cause of action, there are no facts shown which indicate that the plaintiff upon his proof may not be able to show the right to the relief for which he asks.

The judgment should therefore be reversed on law and facts, and a new trial granted, with costs to appellant to abide event. All concur, except CHESTER, J., who dissents.

CHESTER, J. (dissenting). I agree with the opinion of the Presiding Justice that the complaint states a cause of action. I concede, too, that it is not correct practice to grant a motion to dismiss made by counsel for the defendant at the commencement of the trial, solely on facts stated by him. If that was all there was of this appeal, I would agree that the judgment would have to be reversed; but this dismissal does not stand alone upon such statement of facts.

The record does not show that the motion to dismiss was granted on the facts stated by counsel, but on the facts. The court had before it the pleadings, and in determining the facts it could properly consider any admissions contained therein. It also had the will of Emeline Lamb and the contract to convey made by the plaintiff, dated May 10,

1905, which, while not formally introduced in evidence, were apparently produced for the use of the court by plaintiff's counsel, and he has included them in the record on appeal made by him. Nothing was stated by respondent's counsel before the trial court as facts, so far as the record shows, which was not warranted by such admissions and by these documents. The defendant served her answer, containing a general denial of the facts alleged in the complaint and setting up a counterclaim for the $100 paid by her under the contract, in which counterclaim she alleged that the agreement of May 10, 1905, was the only agreement ever made between the parties relating to the sale of real estate; that that was made by the plaintiff as executor of the will of Emeline Lamb; that such will contained no power or authority to the plaintiff, as executor thereof, to sell real estate; and that the plaintiff was not, at the time of the execution of the agreement or at the time of the commencement of the action, the owner of the premises in question. In the plaintiff's reply it was admitted that the contract of May 10, 1905, was the only contract between the parties, and that the plaintiff was not on that day, or at the time of the commencement of the action, the owner of said real estate. The execution and probate of the will of Emeline Lamb was also admitted, as well as the appointment of the plaintiff as the executor thereof.

The appellant's counsel did not before the trial court, nor has he in his brief or upon the argument before this court, in any wise disputed any of the facts shown by these documents or admitted by the reply. I think, therefore, we may regard these facts as properly before us for consideration. These, regardless of anything said by defendant's counsel on the trial as to the facts, are sufficient warrant in my opinion for the dismissal of the complaint. As there was no power of sale in the will, the plaintiff, as executor thereof, could not give a good title, and, as he was not the owner of the premises, neither could he give a good title as an individual. It is clear, therefore, that he was not, at the trial, in a position to perform the contract on his part, because it was impossible for him to give "a good and sufficient warranty deed conveying said premises" to the defendant, as he, as executor, had covenanted to do. His action to compel performance on the part of the defendant was, therefore, in my opinion, properly dismissed.

The judgment should be affirmed, with costs.