(121 App. Div. 190)

ROSENBERG et al. v. FEIERING.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

1. VENDOR AND PURCHASER—DEFECTS IN TITLE—WAIVER OF OBJECTION RAISED ON TRIAL.

Where the complaint in an action for the specific performance of a contract providing for the sale of certain premises, subject to two mortgages bearing interest at the rate of 5 per cent. and due December 20. 1907, alleged that the plaintiff declined to accept the deed tendered by defend-

ant because it did nòt convey the premises in accordance with the terms of the contract, in that the mortgages were of record past due since 1892 and bore interest at 6 per cent. which amounted to a refusal to accept an unrecorded contract extending the time of payment to December 20, 1907, at 5 per cent., and where no specific objection was raised to a clause in this agreement providing that, if the Legislature should enact a mortgage tax law, then the mortgagee should have the right to require payment of the mortgages upon giving three months' notice, the plaintiffs waived the objection to the tax clause by absolutely refusing to accept the extensions.

2. APPEAL—REVIEW—THEORY OF CASE BELOW.

Plaintiff sued for specific performance of a contract for the sale of land, or, in the alternative, for the recovery of a deposit and expenses incurred. The complaint alleged that the title was defective, in that the contract provided for the assumption of mortgages not yet due, while the record showed past-due mortgages. The mortgages also provided that on the enactment of a mortgage tax law the mortgagee would have the right to require payment of the mortgages. The only objection raised by the evidence at the trial to the title offered was that as to the overdue mortgages. On the argument in the trial court plaintiff objected to the title because of the provision as to the right of the mortgagee to require payment on the passage of a mortgage tax law, and on that ground judgment was rendered in his favor. There was nothing in the record on appeal to show that defendant discussed that objection below. *Held* that, as defendant could take no exception to the argument of this point, it could not be urged on appeal by plaintiff that the failure to except precluded defendant from complaining that the trial court erred in going outside the issues and evidence in deciding the case.

Appeal from Kings County Court.

Action by Louis Rosenberg and another against Jennie Feiering for the specific performance of a contract of sale of real estate, or for the recovery of the deposit money and expenses incurred. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Isidor Cohn, for appellant.
Isaac Miller, for respondents.

WOODWARD, J. This action was brought by the vendee against the vendor for the specific enforcement of a contract of sale, or, in the alternative, for the recovery of the deposit money and expenses incurred. The trial court awarded a money judgment in lieu of specific performance. The contract was made March 27, 1906, and provided for a sale of the premises subject to two mortgages, bearing interest at the rate of 5 per cent., "now payable December 20, 1907, and to assign agreement executed by Miller and exhibited to vendee." It appears that the mortgages bore interest at 6 per cent., and that by their terms they had become due and payable in 1892, but that the mortgagee, Donald, had by an instrument in writing, not recorded, extended the time of payment until December 20, 1907, at 5 per cent. This instrument also contained a mortgage tax clause, to the effect that, if the Legislature should enact such a tax law, then the mortgagee should have the right to require payment of the mortgages upon giving three months' notice, unless, etc. The mortgages of record contained no such clause. The Miller instrument (referred to) was

an agreement by one Miller, defendant's predecessor in title, to the effect that he would obtain a further written extension of the term of the mortgages for two years from December 20, 1907. It recited the prior extension executed by Donald, but contained no reference to any mortgage tax clause. The Miller instrument was produced on the day the contract of sale was made, and was read by plaintiffs' attorney. But the Donald instrument, containing the mortgage tax clause, was not produced or shown to plaintiffs before the day fixed for closing the sale. The complaint alleges that the plaintiffs declined to accept a deed tendered by defendant—

"because said deed did not * * * convey * * * said premises in accordance with the terms of said contract, in that the first mortgages referred to in said contract were of record past due since 1892, and the rate of interest provided in the same was 6 per cent.; that by reason thereof defendant was unable to convey said premises according to the terms of said contract."

The complaint makes no mention of the fact that the term of the mortgages had been extended by the Donald instrument, because, it would seem, that instrument was not recorded. Both sides submitted the case to the court upon the pleadings and arguments, and decision was reserved. Subsequently the judge handed down a memorandum stating that he would take testimony to decide what agreement was referred to by the contract which was to be assigned, as pleaded in the answer. Defendant gave the evidence required, but plaintiffs called no witnesses. Upon the trial plaintiffs' counsel stated that he found the mortgages past due since 1892—

"and I rejected the title on these two extensions. * * * I claim that we should not take it subject to the extensions. They sold us the property subject to mortgages running up to December 20, 1897," etc.

After the court had intimated that it would find judgment for defendant, the counsel for the first time called the court's attention to the mortgage tax clause, and said:

"I raise this point, as the main issue in the case, if we were bound to take these extensions, we were not bound to take it unless it followed the tenor of the mortgage."

Thereupon the court changed its former opinion and rendered judgment in favor of the plaintiffs, upon this ground alone, expressly stating, however, that all of the facts were found in defendant's favor—

"except that your contract embodying the agreement does not cover a clause in the extension, which was not shown to them, providing for payment in case any mortgage tax law is passed by the Legislature."

Such a tax law was passed May 22, to take effect July 1, 1906. It thus appears, from the allegations of the complaint and the statements of counsel, that the title was not rejected because of the tax clause contained in the extensions, but because of the extensions themselves; in other words, because the mortgages "were of record past due since 1892," and that a written extension, not recorded, was not a fulfillment of the contract. The only objection to the title stated in the complaint, and which was submitted to the court for decision, related to the claim that the mortgages were past due and bore 6 per cent. interest. Upon the issue raised by the pleadings the defendant was entitled to judg-

ment, since the mortgages had been extended at 5 per cent., and were not past due, of which the plaintiffs were chargeable with notice. No objection was ever raised to said tax clause, so far as it appears from the record. If the specific objections had been made, the defendant might have procured a modification of the extension instrument by eliminating that clause, and should have been afforded opportunity to do so, since she was "entitled to an adjournment to June 15th, or earlier if she so elects," by the terms of the contract. Clearly this specific objection to the tax clause was an afterthought, presented for the first time on the trial, in the manner heretofore stated, to the surprise, if not astonishment, of the defendant. The plaintiffs should be deemed and held to have waived the specific objection by absolutely refusing to accept the extensions and utterly ignoring them in the complaint. Indeed, it is evident that the tax clause was not considered in the matter of objections to title, and the title would still have been rejected if the clause had been eliminated. For these reasons the case of Schiff v. Tamor, 104 App. Div. 42, 93 N. Y. Supp. 853, is not in point.

Respondent says (point 2):

"The case was once submitted on the arguments and pleadings. The defendant then conceded that the Brundage clause in the extensions was one of the objections raised on the date of closing title."

There is not a word in the record to support this statement.

"Besides, the defendant never made any objection, nor did she take any exception, to the admission of this point on the trial. On the contrary, defendant discussed this objection and submitted it to the determination of the court. Surely she should not now be heard to object to it on appeal."

The point was not "discussed" by defendant, so far as the record shows, and we assume that the record was not intended to present all the arguments advanced. Nor could defendant take objection or exception to the admission of this point—a matter of argument and not of evidence. The point was contained in the instruments put in evidence by Mr. Cohn, and surely he would not object to his own evidence. The case was submitted on the pleadings and documentary evidence and some testimony of Mr. Cohn; and plaintiff failed to show that he ever took this specific objection to title, and, if he did, it is not charged as a ground of complaint.

The judgment should be reversed, and a new trial ordered; costs to abide the final award of costs. All concur.