(56 Misc. Rep. 693.)

ROSENBERG v. JACOBSON et al.

(Supreme Court, Appellate Term. December 12, 1907.)

VENDOR AND PURCHASER—DEFECTS IN TITLE—WAIVER OF.

Objections to title to be taken, subject to two mortgages, in that one of the mortgages contained the "Brundage clause" and the "estoppel certificate clauses," and the other the "estoppel certificate clauses," are not of such a character that if made at the time fixed for closing title they could not have been obviated by the vendors, and hence are waived where the vendee did not tender performance and raise such objections at the time fixed for closing title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 267–270.]

Appeal from City Court of New York, Trial Term.

Action by Anna Rosenberg against George Jacobson and others. Judgment for plaintiff, and defendants appeal. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Levitt & Hetkin, for appellants.

Herman Roth, for respondents.

BRUCE, J. This action is brought to recover the deposit made by the plaintiff's assignee upon a contract for the sale of real estate and

the expense of examining title. By the terms of the contract the premises in question were to be taken, subject to two mortgages, which were not then in existence. On the day for the closing of the title plaintiff raised certain objections, which were waived upon the trial, and upon the strength of the objections so waived, made no tender of the balance of the purchase money.

Plaintiff now alleges that the defendants committed a breach of the contract in that one of the mortgages upon the premises contained the "Brundage" and the "estoppel certificate clauses," and the other the "estoppel certificate clauses." These objections now relied upon were not raised at the time set for closing title.

As stated by Mr. Justice Scott, in Oppenheimer v. Knepper Realty Co., 50 Misc. Rep. 186, 187, 98 N. Y. Supp. 204:

"The rule is that tender of performance on the part of the vendee is dispensed with in a case, where it appears that the vendor is disabled from performance on the day fixed therefor. In such a case tender of performance on the part of the vendee would be a mere idle ceremony, and the vendee may, without tender or demand, sue for the money paid on the contract and for damages. Ziehen v. Smith, 148 N. Y. 558, 42 N. E. 1080. This rule, however, does not apply when it appears that the incumbrance constituting an objection to the title is one which is within the power of the vendor to remove. In such a case the vendee may not maintain an action unless he tenders performance and makes his objection at the time fixed for performance; for he will then be deemed to have waived the objection. But if the incumbrance be not one within the power of the vendor to remove, the vendee, in order to maintain an action, need not make tender or raise the particular objection at the time fixed for closing title. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287."

There are certain incumbrances as to which it may be presumed that the vendor, if his attention had been called thereto, could and would have removed.

The question is whether or not it can be said, as a matter of law, that the objections now made are of such a character that if made at the time they could not have been obviated by the defendants. Higgins v. Eagleton, supra; Ziehen v. Smith, supra.

Mr. Justice Woodward, in Rosenberg v. Feiering (Sup.) 105 N. Y. Supp. 812–815, in a similar action, where objection to the "Brundage clause" not raised at the time of closing title was subsequently relied upon, said:

"If the specific objection had been made, the defendant might have procured a modification of the extension instrument by eliminating that clause and should have been afforded an opportunity to do so, since she was entitled to an adjournment to June 15th, or earlier if she so elected by the terms of the contract. Clearly the specific objection to the tax clause was an afterthought presented for the first time on the trial in the manner heretofore stated, to the surprise if not astonishment of the defendant."

The reasoning in Rosenberg v. Feiering, supra, seems to be decisive as to the question involved here with reference to the "Brundage clause," and applies with equal force to the "estoppel clause."

In Oppenheimer v. Knepper Realty Co., supra, cited by the learned trial justice in his opinion in this case, the objection made by the vendee was to an incumbrance consisting of an agreement that in case of the destruction of a party wall which was a part of the premises it

should be rebuilt at the joint expense of the owners, and this was declared in terms to be a covenant running with the land. It is obvious that such an objection could not have been obviated by the vendor had it been raised at the time title was to have passed. In Rosenberg v. Levitt, also cited by the learned trial justice, in which case a judgment for the plaintiff was affirmed by this court without opinion at the June term, the objections raised by the vendee were the same as those raised in the case at bar, but they were made at the time agreed upon for the closing of title.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.