free from contributory negligence, he was entitled to recover. I am unable to find any act of the plaintiff which contributed to his injury. The boiler did not drop on him while he was under it, but, sliding as it fell, pinned him to the wall of the building. As I have pointed out, he was uninformed and uninstructed as to the defective condition of the block and fall and the danger to be apprehended from its use, and, if the jury found that he was guilty of contributory negligence, that finding was likewise against the weight of the evidence.

There is no merit in the appellant's suggestion that the evidence relating to the insurance was improperly received, and the only trouble with the case is that the verdict of the jury is so greatly against the weight of the evidence on both questions involved as to require a reversal of the judgment and order.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows:

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

LINK REALTY & CONST. CO. v. PUBLIC CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 11, 1915.)

1. EXCHANGE OF PROPERTY ⟋8—REAL PROPERTY—CONTRACT—ACTION FOR BREACH—PLAINTIFF'S ABILITY TO PERFORM.

Where parties to a contract for the exchange of realty were mutually unable to perform, the plaintiff because of a restriction on its land, the defendant because unable to secure an extension of mortgages on its land, and where plaintiff, suing for defendant's breach, pleaded compliance on its own part, which was denied by defendant, which did not, however, plead plaintiff's inability to perform on account of the restriction, judgment for plaintiff was improper, since its own noncompliance with the contract was not waived by defendant's failure to plead it, for one demanding performance of a contract must show performance on his part, or plead and show waiver by the other party.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ⟋8.]

2. EXCHANGE OF PROPERTY ⟋8—REAL PROPERTY—CONTRACT—ACTION FOR BREACH—PARTY'S INABILITY TO PERFORM.

The fact that defendant contemplated the use of plaintiff's property for a purpose which the restriction thereon did not prohibit was immaterial, since the defendant had the right to a strict performance.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ⟋8.]

3. EXCHANGE OF PROPERTY ⟋8—REAL PROPERTY—CONTRACT—ACTION FOR BREACH—PARTY'S ABILITY TO PERFORM.

The fact that public records revealed the restriction on plaintiff's land was ineffectual to estop the defendant to raise the objection that plaintiff could not perform.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ⟋8.]

4. EXCHANGE OF PROPERTY ⟋6—REAL PROPERTY—CONTRACT—ACTION FOR BREACH—PARTY'S INABILITY TO PERFORM.

The fact that defendant did not appear on the contract date for the exchange of deeds, and so did not decline to accept plaintiff's perform-

⟋For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ance on account of the existence of the restriction, was immaterial to excuse plaintiff's inability to perform.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 11; Dec. Dig. ☞6.]

5. EXCHANGE OF PROPERTY ☞6—REAL PROPERTY—CONTRACT—ACTION FOR BREACH—PARTY'S INABILITY TO PERFORM.

The fact that, if defendant had appeared at the contract date for exchanging deeds, it could not have raised the objection of the existence of the restriction on plaintiff's land because it had not then examined the title was immaterial to excuse plaintiff's breach.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 11; Dec. Dig. ☞6.]

Appeal from Kings County Court.

Action by the Link Realty & Construction Company against the Public Construction Company and others. Judgment for plaintiff, and defendant named appeals. Reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New York City, on the brief), for appellant.

Grover M. Moscowitz, of New York City (Sidney F. Strongin, of Brooklyn, on the brief), for respondent.

THOMAS, J. [1] The plaintiff and defendant companies agreed to exchange lands. In lieu of specific performance plaintiff has recovered damages. The lands were subject to mortgages recited, and the plaintiff's lands were restricted to private dwellings or to apartment houses of not less than four stories, but the contract stated that the restriction permitted apartment houses of less than four stories. The defendant stipulated that the mortgages on its lands should not expire before dates named, which required it to procure extensions of the times of payment. The defendant could not get extensions of the mortgages so as to comply with the agreed expiration periods. In fact, foreclosure was started on one of the mortgages, but was arranged so as to leave it payable on demand. The defendant's lawyer asked for an adjournment of closing, which was refused, so, defendant did not appear on closing day, but plaintiff was there with a deed. The plaintiff pleaded compliance on its part and failure and refusal to perform on the part of defendant, who denied, but did not plead, the inability to perform on the part of the plaintiff by reason of the restriction. The plaintiff insists that the defendant waved the variation in the terms of the restriction: (1) By failure to raise it at the closing; (2) by failure to plead it, as he could have discovered the truth in a public record. It has been decided that a vendor must plead that he is ready and willing to perform, but that his inability to perform is a matter of defense. Clexton v. Tunnard, 119 App. Div. 709, 104 N. Y. Supp. 665 (3d Dept. 1907). See, also, Reed v. Hayt, 109 N. Y. 659, 17 N. E. 418, affirming 51 N. Y. Super. Ct. 121. In the last case the answer alleged particular breaches, and defendant was not permitted to add to them on the trial. Clexton v. Tunnard is based on early chancery decisions that the plaintiff

need not show that he was able to give a good title at the date of agreement or at the commencement of the suit, if he can give a perfect title at the time of the decree, or when the master makes his report. Brown v. Haff & Lyon, 5 Paige, 235, 28 Am. Dec. 425; Dutch Church v. Mott, 7 Paige, 77, 32 Am. Dec. 613. The plaintiff also cites Ten Eyck v. Witbeck, 55 App. Div. 165, 66 N. Y. Supp. 921, affirmed Same v. Whitbeck, 170 N. Y. 564, 62 N. E. 1101, where it was decided that, in an action of ejectment, defendant could not show without pleading that a deed in plaintiff's title was void for champerty. To same effect is Udell v. Stearns, 125 App. Div. 196, 109 N. Y. Supp. 407. In Martin v. Colby, 42 Hun, 1, it was decided that it will be presumed that a party is able to perform his undertaking where nothing appears to the contrary, but he is permitted to prove that he cannot. That relates to the defendant. How can a man in equity procure a judgment for specific performance if he is not able to perform himself? Of what avail is it for him to say that he is ready and willing, if he is not able? I believe the primary rule to be that a party demanding performance must show what is equivalent to performance on his part, or plead waiver by the opposite party. Granger Co. v. B.-K. Ironworks, 204 N. Y. 218, 97 N. E. 523. If the plaintiff pleaded that he tendered a deed, it may not be his duty to show that he has good title, inasmuch as in absence of objection his title may be presumed. But if in a court of equity it appear that he has not such title as the contract demands, it would be very unjust to regard the defect waived and compel the opposite party to take title. It is not performance to tender a deed that conveys nothing, or something less than the contract.

[2] But the plaintiff urges that its fulfillment regarding the restriction is unimportant, as defendant contemplated using the land to be received from plaintiff for an apartment house of more than four stories. What defendant proposed to use the land for excuses a bad title—that is plaintiff's plea. But may not the purchaser change his mind? The defendant had the right to have what his contract gave him, and knowledge of a defect in the title cannot be imputed to him to defeat that right. Nathan v. Morris, 62 Hun, 452, 17 N. Y. Supp. 13.

[3] The plaintiff urges that the record imputes knowledge to the defendant of the scope of the restriction, and, that, so knowing, he cannot raise the objection, and cites cases. According to that, defendant should have searched the title before he contracted, and he may not rely on the terms of the contract—a proposition most inequitable as well as incorrect in law.

[4] The plaintiff urges that it may make the defendant accept a bad title, or pay damages for rejecting it, because it did not appear on the closing day and decline performance on that ground. The suggestion is quite illogical. The plaintiff was on hand at the closing, with a deed that would not convey what the contract demanded. The defendant was not there. The plaintiff draws the conclusion that by reason of the defendant's absence the plaintiff's ineffective deed became a sufficient deed for the purpose of fulfilling the contract on its part. Had the defendant appeared and pointed out wherein the plaintiff could not perform, the latter could not have obviated the defect. The defend-

ant was not obliged to do a vain thing. Alpern v. Farrell, 133 App. Div. 278, 117 N. Y. Supp. 706; Rosenberg v. Jacobson, 56 Misc. Rep. 693, 107 N. Y. Supp. 595; Oppenheimer v. Knepper Realty Co., 50 Misc. Rep. 186, 187, 98 N. Y. Supp. 204.

[5] But plaintiff urges that defendant could not have raised such objection at that time because it had not then examined the title. The suggestion seems to be that the deed tendered was legal performance because the defendant, had it appeared, would have been ignorant that the proper title was not tendered. That does not seem a worthy argument, where it appears that the plaintiff could not do what it agreed to do. It is true that the defendant did not appear at the closing, as it urges, because it could not obtain the extension of the mortgages, but, as plaintiff contends, because it willfully refused to fulfill. But in a court of equity the plaintiff should not be permitted to foist on the defendant a title, defective as measured by the contract, upon the excuse that the defendant refused to perform on its part. That would allow the plaintiff, not able to perform, to prevail over the defendant in default by ascribing to the latter the more blame, although neither was blameless. We have considered the other questions involved in the appeal, but it is unnecessary to decide them.

The judgment should be reversed, and the complaint dismissed, without costs. All concur.