LUKE HIGGINS, Respondent, *v.* THOMAS EAGLETON, Appellant.

1. APPEAL — INFERENCES IN FAVOR OF PARTY NONSUITED OR AGAINST WHOM VERDICT IS DIRECTED. A party nonsuited or against whom a verdict is directed is entitled, on review, to the most favorable inferences deducible from the evidence, and all contested facts are to be treated as established in his favor.

2. VENDOR AND PURCHASER — REJECTION OF TITLE — SUBSEQUENT RELIANCE ON NEW OBJECTIONS. A purchaser of real estate who makes specific objections to the title on the law day, which are unfounded, cannot subsequently raise a new objection, even if it is valid, where it is one that could have been obviated by the vendor.

3. FAILURE OF PURCHASER TO TENDER PERFORMANCE — DEPENDENT AND CONCURRENT ACTS. The failure of a purchaser to offer or tender performance on his part or demand performance by the vendor at the time and place agreed upon for performance will defeat his attempt at rescission because of incumbrances on the property, where the contract provides that the payment of the unpaid consideration and the transfer of title shall be dependent and concurrent acts, and the vendor tenders a sufficient deed and offers to perform any and every act necessary to full and complete performance of the contract on his part, and it does not appear that he is unable to do so.

4. EXISTENCE OF REMOVABLE INCUMBRANCE. The mere existence of an incumbrance on the property which it is within the power of the vendor to remove on the day fixed for the performance of an executory contract for the conveyance of real estate does not constitute a breach of the contract on his part.

*Higgins* v. *Eagleton,* 13 Misc. Rep. 223, reversed.

(Argued March 14, 1898; decided April 19, 1898.)

APPEAL from a judgment of the General Term of the late Court of Common Pleas for the city and county of New York entered July 3, 1895, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

In May, 1892, the defendant entered into an agreement with Henry Keilty, whereby, in consideration of the sum of forty-two thousand dollars to be paid by the latter, he agreed to sell him the house and premises known as 420 Hudson street, in the city of New York. The consideration was to be paid, one thousand dollars in cash, twenty thousand dollars by tak-

ing the premises subject to a mortgage for that amount, and twenty-one thousand dollars to be paid at the time and place named for the delivery of the deed. The deed was to contain full covenants conveying the premises free from incumbrances, except the mortgage mentioned and certain leases and covenants to which we need not here refer. The deed was to be delivered on or before the fifteenth day of June, 1892, at a place named in the contract. One thousand dollars was paid upon its execution, and the contract was subsequently assigned to the plaintiff by the vendee. On the day named the parties met and the plaintiff declined to take the title offered for the reasons as then given:

1. That the premises were incumbered by an easement in favor of the owner of the adjoining house on Le Roy street, in that the beams of that house were inserted in the wall of the house contracted to be conveyed;

2. That the premises were incumbered by a mortgage for twenty-six thousand dollars;

3. That they were incumbered by taxes for 1891, and water taxes for 1892, amounting to two hundred and fifty-three dollars.

Thereupon the plaintiff gave notice that he declined to take the premises and elected to rescind the contract, and demanded the return of the one thousand dollars paid and five hundred dollars damages for the defendant's default. The plaintiff, however, made no tender of the money to be paid by him on that day, or in any other manner offered to comply with the terms of the agreement, nor did he, in any way, place the defendant in default. Nine days later this action was commenced to recover the one thousand dollars paid and five hundred dollars damages for a breach of the contract by the defendant.

No objections to the title were raised until the day when it was to be passed, although the proof shows that some, at least, of the alleged defects, were known to the plaintiff several days before that time. The proof was that the twenty-six thousand dollar mortgage, so far as it affected the premises,

was released by the owner, and that the release was offered to the defendant at that time. The evidence also disclosed that he offered and tendered to the plaintiff the money with which to pay all the taxes that were a lien upon the property, to send to the proper office and have the same discharged, and that the plaintiff expressed himself as satisfied with the title in that respect. At that time the defendant was the owner of the adjoining lot, No. 3 St. Luke's place, or Le Roy street, and offered to execute any paper that was necessary to release the alleged easement, and to remove the joists or beams that were objected to, which could have been done in a single day without injury to the premises.

On the trial the plaintiff presented a further objection that there was a mortgage of eight thousand dollars on the property No. 3 St. Luke's place, so that a release by the defendant would not have been effective. But no such question was raised before the commencement of this action. The defendant made, executed and tendered to the plaintiff a deed of the premises, which was in strict accordance with the provisions of the contract. The evidence tended to show that there was a mortgage of eight thousand dollars upon the property on St. Luke's place, held by the New York Life Insurance Company. This evidence was objected to by the defendant upon the ground that the plaintiff did not specify the existence of this mortgage as an objection to the title at the time it was to be passed. The objection was overruled, and an exception taken.

When the plaintiff's evidence was closed, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish the cause of action alleged; that he had not shown any damage, and that he was not entitled to recover until he had proved that he was ready and willing to perform the contract upon his part. That motion was denied, and the defendant excepted.

After the close of the evidence, the defendant renewed his motion to dismiss the complaint upon the same grounds, and the additional one that there was no proof that any tender was made by the plaintiff such as would entitle him to recover.

That motion was denied, and the defendant excepted. He then asked the court to submit to the jury the question whether the plaintiff was justified in refusing to accept the title tendered. This request was denied, and the defendant excepted. The court then directed a verdict for the plaintiff for one thousand dollars, with interest thereon, and two hundred dollars damages. To that direction the defendant duly excepted. Judgment was subsequently entered, from which the defendant appealed to the General Term of the Court of Common Pleas in the city of New York. That court affirmed the judgment, and from the order of affirmance and the judgment entered thereon the defendant appeals to this court.

*John J. Linson* and *Ezekiel Fixman* for appellant. The only objections raised by the plaintiff to the title were shown to have been untenable; therefore, the defendant's motion to dismiss the complaint for failure to establish the cause of action herein should have been granted. (*Smyles* v. *Hastings*, 22 N. Y. 217; *Longendyke* v. *Anderson*, 101 N. Y. 625; *Suydam* v. *Dunlon*, 32 N. Y. Supp. 333; *Schermerhorn* v. *Niblo*, 2 Bosw. 161; *M. E. C. Home* v. *Thompson*, 108 N. Y. 618; *Hellreigel* v. *Manning*, 97 N. Y. 56; *Moser* v. *Cochrane*, 107 N. Y. 41.) Even if there were an easement in favor of the owner of 3 St. Luke's place such as is described in plaintiff's written notice, the offer of the defendant to release it, which he made at the time of closing the title and before the action was brought, was sufficient, and, therefore, the plaintiff cannot now claim that the premises were incumbered by an easement at the time of closing the title. (*Hinckley* v. *Smith*, 51 N. Y. 21; *Rinaldo* v. *Housman*, 1 Abb. [N. C.] 312; *Pangburn* v. *Miles*, 10 Abb. [N. C.] 42; *Ziehen* v. *Smith*, 148 N. Y. 562; *Gullensberger* v. *Spencer*, 27 N. Y. Supp. 864; *Dutch Church* v. *Mott*, 7 Paige, 77; *People* v. *Bd. Stock Brokers' B. Co.*, 28 Hun, 274; *Grady* v. *Ward*, 20 Barb. 543.) The fact that the premises, at the time fixed for the closing of the title, were incumbered by the $26,000 mortgage and certain taxes

and Croton water rents, did not constitute an objection to the title, for the reason that the defendant tendered a release of the mortgage to the plaintiff and offered to pay the taxes and Croton water rents. (*Hinckley* .v. *Smith,* 51 N. Y. 21; *Rinaldo* v. *Housman,* 1 Abb. [N. C.] 312; *Pangburn* v. *Miles,* 10 Abb. [N. C.] 42; *Marsh* v. *Wyckoff,* 10 Bosw. 202 ; *Ziehen* v. *Smith,* 148 N. Y. 562; *Webster* v. *K. C. T. Co.,* 64 N. Y. S. R. 698.) The court erred in permitting the plaintiff to offer in evidence anything from the book of mortgages, and all the testimony given on that point should be disregarded. (*Simon* v. *Vanderveer,* 84 Hun, 452 ; *Hayes* v. *Nourse,* 114 N. Y. 595 ; *Greenblatt* v. *Hermann,* 144 N. Y. 13 ; *Moore* v. *Williams,* 115 N. Y. 586 ; *Fleming* v. *Burnham,* 100 N. Y. 1.) The plaintiff not having made any tender of performance of the contract on his part, and as a tender on plaintiff's part was a condition precedent to the maintenance of an action to recover the money paid on the contract, or for damages as for a breach of the contract on the part of the vendor, the plaintiff was not entitled to recover, and the judgment should be reversed. (*Tonge* v. *Newell,* 44 N. Y. Supp. 906; *Campbell* v. *Prague,* 39 N. Y. Supp. 558; *Lawrence* v. *Miller,* 86 N. Y. 131; *Ziehen* v. *Smith,* 148 N. Y. 558 ; *Bigler* v. *Morgan,* 77 N. Y. 312.) The court erred in not granting defendant's request, to submit to the jury the question whether or not the plaintiff was justified in rejecting the title, because of the alleged fact that the beams of 3 St. Luke's place were inserted in the wall of 420 Hudson street. (*Stokes* v. *Johnson,* 57 N. Y. 673; *Heller* v. *Cohen,* 154 N. Y. 299.)

*Albert L. Phillips* for respondent. The statement in the contract that one of the walls of the premises was a party wall, nothing being said as to any other party wall or easement affecting the wall on the opposite side of the premises, necessarily excluded any testimony to the effect that the premises were so incumbered. (*Stokes* v. *Johnson,* 57 N. Y. 673; *O'Neil* v. *Van Tassel,* 137 N. Y. 297; *Mohr* v. *Parmelee,* 11 J. & S. 320; *Rogers* v. *Sinsheimer,* 50 N. Y.

646; *Nathan* v. *Morris*, 62 Hun, 452.) The title to the premises contracted to be conveyed was objectionable, and the vendee was entitled to a return of the money paid on the contract. (*O'Neil* v. *Van Tassel*, 137 N. Y. 300.) It was not within appellant's power to remove the lien of the mortgage held by the New York Life Insurance Company on 3 St. Luke's place. (*Mott* v. *Ackerman*, 92 N. Y. 539.) The mortgagee had the right to have the whole of the property described in the mortgage subjected to the satisfaction of the mortgage debt. (15 Am. & Eng. Ency. of Law, 818, 819; *E. C. S. Bank* v. *Roop*, 80 N. Y. 591; *Hubbell* v. *Moulson*, 53 N. Y. 226; *Rector, etc.*, v. *Mack*, 93 N. Y. 488.) No tender of the purchase money was necessary. (*Ziehen* v. *Smith*, 148 N. Y. 558; *Bigler* v. *Morgan*, 77 N. Y. 312.)

Martin, J.  The rule applicable in cases of nonsuit, or where a verdict is directed by the court, is that in determining the correctness of its decision, the party nonsuited, or against whom a verdict is directed, is entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be treated as established in his favor. (*Rehberg* v. *Mayor, etc.*, 91 N. Y. 137; *Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 N. Y. 152; *Ladd* v. *Ætna Ins. Co.*, 147 N. Y. 478, 484.) Therefore, in determining this appeal, the facts most favorable to the defendant must be regarded as established.

On the trial the court determined all the questions involving the validity of the title tendered in favor of the defendant, except that relating to the outstanding mortgage upon the property No. 3 St. Luke's place. It is obvious that the court properly held that the objections, which were actually raised by the plaintiff to the title when offered, were insufficient under the proof to justify the plaintiff in refusing to complete his contract. But the courts below have based their determinations in favor of the plaintiff solely upon the ground that there was a mortgage upon the property on St. Luke's place, which would have rendered a release by the defendant of the property on Hudson street ineffectual to discharge the alleged

easement existing by reason of the beams of the adjoining building resting in the wall of that house. That objection to the title was first made after the commencement of this action. The title to that easement, if one existed, was in the defendant, who not only offered to release it, but also to remove the beams. Thus the defendant proposed to fully perform his contract by conveying to the plaintiff an absolute title wholly relieved of the easement of which he complained. But it is said he was unable to do so, owing to the existence of a mortgage upon the property. No such objection to the title was mentioned by the plaintiff when it was to be passed. If it had then been raised, there is little doubt but the defendant would have procured any release necessary to confer upon the plaintiff an absolute title to the property purchased free from all incumbrances. The plaintiff, on the law day, having made specific objections to the title, which were unfounded, could not subsequently raise a new objection, even if it was valid where, as in this case, it was one that could have been obviated by the defendant. (*Benson* v. *Cromwell*, 6 Abb. Pr. Cas. 83, 85.) In an action brought by a purchaser of real estate to recover back the purchase price paid on the execution of a contract of sale, to justify his refusal to perform his contract on the ground of a defective title, there must be at least a reasonable doubt as to it, such as would affect its value and interfere with its sale to a reasonable purchaser. The mere possibility that a title may be affected by existing causes which may subsequently develop, is not to be regarded as a sufficient ground. (*Moser* v. *Cochrane*, 107 N. Y. 35.) The evidence contained in the record renders it manifest that the defendant's title to the premises was a marketable one, and that with the proposed releases and the removal of the beams objected to, the plaintiff would have obtained not only a good title free from incumbrances, but one that was free from doubt. In this contract there was no express stipulation making prompt performance, or performance upon the day named, any part of the substance of the agreement. So that, manifestly, time was not of the essence of the con-

tract. Under these circumstances, with the offer of the defendant by release and removal of the objectionable beams, to make the title to the premises absolutely good, it is clear that the plaintiff was not in a position to insist upon a rescission of the contract, or to recover damages or the purchase price paid by his assignor.

But there is another ground upon which this judgment should be reversed. By the contract the parties mutually agreed that the payment of the unpaid consideration and the transfer of the title should be dependent and concurrent acts. A time and place were mentioned when the agreement was to be performed. The acts of one party were dependent upon the acts of the other. While the defendant tendered a sufficient deed of the premises and offered to perform any and every act necessary to the full and complete performance of the contract upon his part, there is no allegation nor proof that the plaintiff or his assignor offered or tendered performance upon his part, or demanded performance by the defendant.

It is a well-settled rule that to entitle a party to recover damages for the breach of an executory contract of this character, he must show a tender of performance upon his part and a demand of performance by the other party. It must be established in some way that the other party is in default, or that performance or tender of performance has been waived. A tender of performance may be dispensed with when it appears that the vendor has absolutely disabled himself from performing on his part, but unless that appears a tender of performance by the vendee must be made, if not waived. In this case there was no proof that the defendant waived such a tender, either by words or conduct. Nor was it shown that he was unable to perform the contract upon his part. But the proof was that the defendant, at the time and place mentioned in the agreement, was there, ready and willing to perform the contract and to obviate and remove every objection to the title raised by the plaintiff. Clearly the court was not justified in holding that the defendant was unable to perform the contract upon his part, or that it was impossible for

him to convey a good title, within the rule which dispenses with the necessity of tender and demand in order to work a breach of such a contract. The agreement was not broken by the fact that there was a mortgage upon the property on St. Luke's place, which, it was alleged, might interfere with the defendant's release of the easement in the Hudson street house. The mere existence on that day of an incumbrance on the property which it was within the power of the vendor to remove, did not constitute a breach of the contract between the parties. The decision of this court in *Ziehen* v. *Smith* (148 N. Y. 558) seems to be decisive of this question. It was there held that the mere fact that, at the time fixed for the concurrent and mutual performance of an executory contract for the conveyance of real estate, there existed a lien or incumbrance upon the property which it was within the power of the vendor to remove, did not relieve the vendee from making a tender and demand of performance, as a condition precedent to the maintenance of an action to recover the money paid on the contract, or for damages as for its breach on the part of the vendor. In that case, as in this, there was no proof that the defendant waived tender or demand. There the alleged obstacle to the performance on the part of the defendant was the existence of a mortgage which was given by a former owner, and upon which a judgment of foreclosure had been entered. This court decided that even under those circumstances it could not be said that the existence of the mortgage and judgment placed the defendant in such a position that he was unable to perform the contract upon his part, or that it was impossible for him to convey within the meaning of the rule which dispenses with the necessity of tender and demand in order to work a breach of an executory contract for the sale of land, and that the contract was not broken by the mere fact of the existence on the day of performance of some lien or incumbrance which it was within the power of the vendor to remove. In that case the rule was stated by Judge O'BRIEN as follows: "The general rule, however, to be deduced from an examination of the leading authorities

seems to be that in cases where by the terms of the contract the acts of the parties are to be concurrent, it is the duty of him who seeks to maintain an action for a breach of the contract, either by way of damages for the non-performance, or for the recovery of money paid thereon, not only to be ready and willing to perform on his part, but he must demand performance from the other party." Following the principle of that case, it is obvious that the plaintiff was not in a position to maintain this action without a tender of performance upon his part and a demand of performance by the defendant. He made no such tender or demand and, therefore, the defendant was not in default, and the judgment in this action is not sustained by the proof.

The judgment of the courts below should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed, etc.