(27 Misc. Rep. 195.)

HALPRIN v. SCHACHNE et al.

(Supreme Court, Appellate Term. April 21, 1899.)

1. REAL-ESTATE BROKERS—RIGHT TO COMMISSIONS.
   A real-estate broker brought his client and a third person together, which resulted in a proposition for an exchange, to which both parties assented. Thereafter the oral agreement was reduced to writing, with a clause that the agreement was to be subject to the approval of the client's attorneys. Counsel had not been referred to, prior to the execution of the written contract, when the client insisted that, unless his attorney approved of the agreement as to its form, a new one should be drawn the following day. The third person made a partial payment, and stood ready to consummate the exchange, and to execute any form of contract embodying the terms agreed on, but the client sought to impose new conditions, and by his acts defeated the completion of the transaction. *Held*, that the broker was entitled to his commissions.

2. TRIAL—QUESTION FOR JURY.
   A question based on conflicting evidence is for the jury.

Appeal from city court of New York, general term.

Action by Abraham Halprin against Louis Schachne and another. From a judgment of the general term of the city court of New York affirming a judgment dismissing the complaint (54 N. Y. Supp. 1103), plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jacob Manheim, for appellant.
Herbert J. Hindes, for respondents.

LEVENTRITT, J. The plaintiff, a broker, brought this action to recover commissions claimed to have been earned by him in negotiating the exchange of property belonging to the defendants. The answer was substantially a general denial. On the trial the plaintiff testified to the fact and terms of the employment, of the offer by him to the defendants of certain real estate which he had on his books, and which was owned by one Lazarus Wolff; that he went back and forth between the parties, arranging the terms of the proposed exchange, until there resulted a proposition to which both parties assented as satisfactory. Thereafter an agreement was reduced to writing, in the form following:

"Louis Schachne & Brother, 16 Walker Street.

"New York, November 6th, 1895.

"Agreement between Lazarus Wolff and Louis Schachne and Siegfried Schachne, concerning purchase of 359 and 361 East 49th St., and 883 and 885 First Ave., in New York City, for the price of thirty thousand and five hundred dollars. This amount is to be paid as follows:

| | |
|---|---|
| First mortgage | $18,000 00 |
| Second mortgage | 1,000 00 |
| Paid to-day | 20 00 |
| To be paid on contract | 480 00 |
| To be paid on taking title | 2,000 00 |
| The balance of | 9,000 00 |
| | $30,500 00 |

—Nine thousand dollars to be paid by Louis Schachne & Bro. by transferring certain lots and house they own in Schenectady, N. Y., contract to be made Thursday, Nov. 7, 1895. As this agreement is made without the attorney of Louis Schachne & Bro., and good only if their counselor approves, this agreement is held subject to this special provision. Louis Schachne & Bro. promise Mr. Wolff, after the consummation of these transfers, to give at least $1,000.00 (one thousand dollars) on the Schenectady property on bond and mortgage, provided proper time, to be agreed upon, is first given.

"[Signed]                                    Louis Schachne,
                                             "Siegfried Schachne,
                                             "Lazarus Wolff."

The previous oral understanding embraced all the terms and conditions embodied in this writing, except the clause, "As this agreement is made without the attorney of Louis Schachne & Bro., and good only if their counselor approves, this agreement is held subject to this special provision." According to the testimony, counsel had not been referred to at any time prior to the execution of this contract, when the defendants insisted that, unless their attorney approved of the agreement as to its form, a new one should be drawn the following day. To that end only, the provision in question was inserted. A partial payment of the agreed deposit was made by the defendants to Wolff, who, pursuant to the understanding, appeared the next day, demanded the balance of the deposit, and asserted that he was ready, willing, and able, as theretofore, to consummate the exchange, and to execute any form of contract embodying the terms agreed upon. The defendants sought to impose new conditions, and by their own acts defeated the completion of the transaction. When the plaintiff rested, a motion to dismiss the complaint was made, on the ground of failure to show approval by defendants' counsel. This.

ground was untenable. The plaintiff having been nonsuited, we are required, on review, to accord to him the most favorable inference deducible from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. The facts most favorable to the plaintiff must be regarded as established. So far as disclosed by his affirmative case, he was entitled to the commission when the oral understanding was had, and before it was transcribed. Thereafter no new condition imposed, or act done, by Schachne, could defeat the right. It was only in the event of refusal on the part of Wolff to enter into a binding contract that his claim would fall. The evidence, however, is quite to the contrary. The attorney was to approve the form of the contract, not the advisability of the transaction. As to that the minds of the parties had met. The plaintiff had performed the service for which he was employed, and, after his work had been done, the defendants could not relieve themselves of the obligation to pay his earned compensation by exacting further concessions. Sibbald v. Iron Co., 83 N. Y. 378, at page 384; Levy v. Ruff, 4 Misc. Rep. 180, 23 N. Y. Supp. 1002.

Another ground urged for the dismissal of the complaint was undisclosed employment of the plaintiff on the part of Wolff. If this fact had been established by undisputed evidence, the contention would be meritorious. Lansing v. Bliss, 86 Hun, 205, 33 N. Y. Supp. 310. The plaintiff, however, positively denied that he was the agent of Wolff for this transaction, and, while a contrary inference might be drawn from other portions of the testimony, this, at most, raised a question of fact for the jury, and not one of law for the court. The motion to dismiss was improperly granted, and the judgment must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.