GEFFIN v. SCHNEIDLER et al.

(Supreme Court, Trial Term, New York County. January 13, 1906.)

VENDOR AND PURCHASER—EXECUTORY CONTRACTS—TITLE—SUFFICIENCY.

　　A purchaser of real estate objected to the title offered, because the binders in the foundation of the building on the adjacent premises projected over the land five inches. They could be removed for $8 without trespassing on the neighboring property, whose owner had no right to their continuance. The purchaser neither tendered performance nor demanded performance by the vendor. *Held*, he was not entitled to recover the partial payment of the purchase price on the ground of defective title.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 255.]

Action by one Geffin against one Schneidler and another. Motion to set aside a verdict in favor of plaintiff and grant a new trial granted. Affirmed.

See 103 N. Y. Supp. 1126.

Henry Salant, for plaintiff.
A. A. Tansky, for defendants.

MacLEAN, J. The plaintiff, who has brought this action to recover back a down payment of $2,500, under an agreement for the purchase and sale of certain valuable realty, objected to the title proffered him because the binders in the foundation of the building upon the premises adjoining projected over five inches on the lot to be purchased, or, as put by the surveyor, upon whose showing he relied: "Occasional stones project 0' 5" as binders." . These projections, according to the evidence given, and not contradicted upon the trial, are so relatively minor and so easily removable as to come within the rule de minimis, consisting as they did, of nineteen rounded stones in the rough foundation, five or six over which one could put an ordinary derby hat, bulging at the most about five inches and the remainder varying down in size to less than a man's fist, all which were removed for $8 in less

than two hours' time by two masons, without trespassing upon the neighboring property, whose owner had no right to their continuance.

Because of these facts, and because, as admitted, there was no tender of performance on the part of the plaintiff and a demand of performance on the part of the defendants (Higgins v. Eagleton, 155 N. Y. 466, 473, 50 N. E. 287), the motion to set aside the verdict of the jury and grant a new trial will be granted, with the observation, however, that, as the defendants were early acquainted with the grounds of the objection, they well might have removed the occasion therefor betimes and so spared much time and cost to the plaintiff, more important still have spared the county a needless expenditure of time and expense, besides delaying other litigants.