## VOLOSKO v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. TRIAL—MOTION TO DISMISS COMPLAINT—EVIDENCE, HOW CONSIDERED.

Where, in an action for injuries through negligence, defendant moved to dismiss the complaint on the ground that plaintiff failed to show himself free from contributory negligence, that it affirmatively appeared that he was guilty of contributory negligence, and that no negligence had been made out against defendant, it was to be assumed that plaintiff's evidence was true, and he was entitled to the most favorable inference deducible from the evidence.

2. STREET RAILWAYS—NEGLIGENCE—INJURIES—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Where it appeared that, while plaintiff was standing on the hub of his wagon, bending over and lifting out a heavy stone, he was struck by a street car, which was approaching at a high rate of speed; that no signal was given until the car was within a foot of the plaintiff; that no car had passed upon the track for 20 minutes, and that, even if plaintiff at the time of getting on the wheel of the wagon had looked up the street, he could not have seen the car by reason of the fact that it was then on a cross street—it could not be said as a matter of law that he was guilty of contributory negligence.

Jenks and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Theodore Volosko against the Interurban Street Railway Company. From a judgment dismissing his complaint, and from an order denying his motion for a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Rudolph Marks, for appellant.

Bayard H. Ames, for respondent.

RICH, J. The defendant's motion, made at the close of plaintiff's case, to dismiss the complaint on the grounds "that the plaintiff has failed to show himself free from contributory negligence, * * * that it affirmatively appears that he was guilty of contributory negligence, and * * * that no negligence has been made out against the defendant," was granted. We must assume that the evidence given on the part of the plaintiff, so far as the same relates to the negligence of the defendant and his freedom from contributory negligence, is true, and he is entitled to the most favorable inference deducible from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. It appears that at the time of the accident the plaintiff, a laborer, was engaged in an attempt to remove a heavy piece of marble from a wagon standing on the north side of Tenth street, between avenues A and B, in the borough of Manhattan. The horse attached to the wagon was headed toward Avenue B. The wagon was standing parallel to the tracks of defendant's road in Tenth street, with a space of about five or six inches between the north rail and the outer edge of the rear hub of the wagon. The evidence tends to show that it was necessary for the plaintiff, in order to remove this particular piece of marble, to stand upon this hub, and that while thus engaged he was struck by one of defendant's cars and more or less seriously injured. One witness testified that the car

came into Tenth street from Avenue B, and hit the plaintiff, who was working about 300 feet from the corner. The car was going fast, and no signal was given to warn the plaintiff of its approach until it was within about one foot from him. This evidence was sufficient to require the submission of the question of defendant's negligence to the jury, unless it can be held as matter of law that the plaintiff was guilty of contributory negligence. The witness Rubin, the driver in charge of the horse, testified:

"I was about three feet away from the wagon, and Volosko asked me I shall go upon the wagon and give him a hand to lift out the stone. At the time when Volosko asked me that, to give him a lift, he was on the wheel of the wagon, standing on the wheel of the wagon, on the back wheel, on the wheel towards the street, the outside of the wagon when he asked me to give him a lift. His position was bended down and tried to lift the stone, bended down to the wagon, inside the wagon, into the wagon. His face was then turned towards the house in a bending position. I was just going to go up on the wagon, and the car come running there and ketched him and struck him and broke a couple of windows. * * * Before this car struck him, I heard no gong sounded or bell of any kind. As soon as the car struck him and the windows started in to smash, then the motorman started in to ring the bell at once. * * * After the car had struck the plaintiff, it stopped two houses away from the wagon. * * * The rear of the car was two houses away. * * * When I first saw the car, it was right near Volosko. * * * He was bent in before keeping the marble in his hand and asking me to give him a hand. * * * That is the first car I seen coming through there. I had been there for about 20 minutes, and that was the first car I saw coming through."

Witness Shenfeild testified:

"When the accident occurred I was at the corner of Avenue A. * * * A car was coming down from Avenue B," going "fast, and Volosko was standing on the hub of the wheel trying to get some marble slabs, * * * and the car, when within a foot from Volosko, started to ring * * * I did hear the ring of the car when it was right on top of Volosko. When the car struck him, Volosko was stooping over, just bending over, leaning over into the wagon facing north towards the house in the opposite direction of where the car was. * * * When I first saw Volosko on the hub of the wheel, the car was on the corner of Avenue B. * * * At that time the car was just coming from Avenue B. It just turned that curve into Tenth street."

The plaintiff testified:

"At the time I was lifting out that stone I was talking about it, I was on the rear wheel, * * * because it was impossible for me to take down that stone any other way. * * * I was standing in the wagon there bending down taking off a big stone, lifting it out of the wagon. While working in that position I heard no sound of bell or gong or whistle of any kind before I was struck. I didn't hear anything."

It is true that the plaintiff had full knowledge of the proximity of the track upon which defendant's cars ran, and there is no evidence in the case that he looked or listened for the approach of cars; but the law is not so unreasonable as to exact the impossible. The plaintiff was required to exercise the care of a reasonably prudent person. Had he listened he would have heard no signal in time to avoid the accident, if none was given. And at the time of getting on the wheel he could not have seen the car, if it was in Avenue B, as we must infer it was, in view of the evidence of the witness Schenfeild. So that looking and listening at this time would have availed him nothing. It cannot be

said as matter of law that the plaintiff was guilty of contributory negligence. It ought to have been left to the jury to determine whether the plaintiff was guilty of negligence which contributed to the accident, and the failure of the learned trial court to do this was error. The case of Crowley v. Metropolitan Street R. Co., 24 App. Div. 101, 48 N. Y. Supp. 863, cited by counsel for the defendant on the motion to dismiss, is distinguishable from the case at bar in that there the injured man knew all about the frequency with which the cars passed, placed himself in a position of peril when the car was only 50 feet away from him, coming at a fast gait, who remained in that position until the car traversed the distance of 50 feet, and who thus exposed himself knowingly to the peril of the very accident which happened. Here we have nothing of the kind. There is no evidence that the plaintiff knowingly placed himself in a position of peril. When he undertook to remove this stone no car had passed upon this track for 20 minutes, and we must infer that none was in sight. He may have been negligent, but a jury ought to pass upon that question in the first instance. McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282.

The judgment and order must therefore be reversed, and a new trial granted, costs to abide the event.

HIRSCHBERG, P. J., and WOODWARD, J., concur. JENKS and MILLER, JJ., dissent.