## MANSFIELD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 17, 1907.)

1. MUNICIPAL CORPORATIONS—NUISANCE—INJURIES TO PEDESTRIANS—LIABILITY.

A wooden awning, extending from a building to the outer edge of the sidewalk, was supported by posts set in the sidewalk at the edge of the curbstone. The hub of a wheel on a truck driven on the street struck one of the posts, causing the awning to collapse and injure a pedestrian. *Held*, that the awning was a nuisance, whether maintained by the authority of the city or with its permission, rendering it liable for injuries sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1631, 1633.]

2. SAME.

That an awning extending from a building to the outer edge of a sidewalk, and supported by posts set in the sidewalk at the edge of the curbstone, and interfering with the public use of the street, had existed for over 15 years, did not raise a presumption that the owner had acquired a right to the use of the street; for the city had no power to grant to an individual a right in the street which would interfere with its safe use by the public.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1643, 1646.]

3. SAME.

That an awning extending from a building to the outer edge of the sidewalk, and supported by posts set in the sidewalk at the edge of the curb-

stone, interfered with the use of the street by the public, is conclusively established by proof that the hub of a wheel on a truck driven along the street struck one of the posts and broke it, causing the structure to collapse and injure a pedestrian.

4. SAME—DEFECTIVE STREETS—NEGLIGENCE.

A wooden awning, extending from a building to the outer edge of the sidewalk, was supported by posts set in the sidewalk at the edge of the curbstone. The awning had existed for over 15 years, and during that time no repairs had been put on it, except to replace a broken post. The hub of a wheel of a truck driven along the street struck another post and broke it, causing the awning to collapse and injure a pedestrian. The post which broke was so far decayed that it would crumble when picked up. *Held* to authorize a finding that the city was negligent in permitting a defect to exist in the street, rendering it liable for the injuries sustained.

5. SAME—ADMISSIBILITY OF EVIDENCE.

In an action against a city for injuries to a pedestrian by the fall of an awning extending from a building to the outer edge of the sidewalk, and supported by posts set in the sidewalk at the edge of the curbstone, because of the breaking of one of the posts, struck by the hub of a wheel on a truck, evidence that the awning had been inspected by an inspector of the incumbrances bureau some years prior to the accident, and by him pronounced in an unsafe condition, was admissible to show that the awning was out of repair and that the city had notice of it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1729.]

6. SAME—BURDEN OF PROOF.

Where, in an action against a city for injuries to a pedestrian by the fall of an awning extending from a building to the outer edge of the sidewalk, and supported by posts set in the sidewalk at the edge of the curbstone, because of the breaking of one of the posts, the evidence showed that the awning some years prior to the accident had been inspected by an employé of the city and had been found out of repair and in an unsafe condition, the burden was on the city, to relieve it from the charge of negligence, to show that repairs had been made, and in the absence of such proof the jury might find that the repairs had not been made.

Action by Mary Mansfield against the city of New York. From a judgment of dismissal at the close of plaintiff's case, she appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Frank M. Hardenbrook, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages for personal injuries. The complaint was dismissed at the close of plaintiff's case, and she has appealed.

The evidence offered by her tended to show, and would have justified the jury in finding, that on the 12th of September, 1903, between 9 and 10 o'clock in the morning, the plaintiff, while standing on the sidewalk in front of a building situate at the northwest corner of Houston and Varick streets in the city of New York, was injured by a wooden shed or awning, which extended from this building to the outer edge of the sidewalk falling upon her; that the awning, which was covered with tin, was supported by four wooden posts set in the sidewalk at the edge of the curbstone, two fronting on Houston and two on Varick streets, and was secured to the building by nails driven

through the tin where such awning and building joined; that one of the posts was so placed that the hub of a wheel on a truck going south on Varick street struck and broke it, when the whole structure collapsed, causing the injuries of which plaintiff complains. The evidence would also have justified a finding that the awning was constructed some 15 or 16 years before, and that the post which was broken was decayed to such an extent that a piece of it crumbled in the hand of a person who picked it up; that it had not been repaired since constructed, except that one post, which was broken about a year before by a truck colliding with it, was replaced; and that some portion of it had been painted and some of the tin repaired.

The plaintiff endeavored to prove that some six or seven years prior to the accident the awning had been inspected by an inspector of the bureau of incumbrances, and by him pronounced in a "very poor condition." This proof was objected to by defendant, and the objection sustained, upon the ground that showing the condition seven years before the accident was too remote. The complaint having been dismissed at the close of plaintiff's case, she is entitled to the most favorable inferences to be fairly and legitimately drawn from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 60 N. E. 282. The plaintiff's contention is that the awning was an unlawful encroachment upon the public street, obviously dangerous to travelers, and a nuisance, which it was the duty of the city to remove; while defendant's contention, as I understand it, is that the awning was not a nuisance, but at most a defect in the street, for which the city could only be made liable after actual or constructive notice. It seems to me it is a matter of little or no importance, so far as the present appeal is concerned, which contention be adopted as the correct one, because in either view the court erred in dismissing the complaint.

First. The structure may be regarded as a nuisance. A portion of it was placed in or so near the traveled part of the street that it was knocked down by a passing truck. This was an improper use of the street, and, if the city authorized it, it was itself maintaining a nuisance so long as the obstruction continued, and, if it did not it was permitting the nuisance because it had existed so long it was bound to take notice of it. Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506. If it be true, as contended by counsel for the defendant that a presumption prevails in view of the length of time the awning had existed, that it was constructed under lawful authority, this does not aid the defendant. The presumption in that event is, not that the owner acquired any right to the use of the street, but that from such use the consent of the city was given. The city had no power to grant to an individual any right in the street which would interfere in any degree with its safe use by the public. The right of the public to the use of the street is absolute, and paramount to any other. Deshong v. City of New York, 176 N. Y. 475, 68 N. E. 880; Ackerman v. True, 175 N. Y. 353, 67 N. E. 629. This structure, or a part of it, did interfere with the use of the street by the public, which is conclusively established by the collision which occurred, and which caused or contributed to its collapse. The collapse of the structure injured the

plaintiff, for which defendant is liable. Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341. The case is illustrated by Cohen v. Mayor, supra. There a grocer was in the habit of keeping his grocery wagon, when not in use, standing day and night in front of his store, under a permit from the city, for which a license fee was paid. When so standing the thills were raised perpendicularly and held up with strings. A passing ice wagon struck the grocery wagon and turned it partially around. The strings holding up the thills gave way, and they came down upon the sidewalk, striking plaintiff's intestate and inflicting an injury upon him, from the effect of which he died shortly thereafter. In an action to recover damages it was held that the storing of the wagon in the street was a public nuisance; that defendant, by licensing it, made itself liable for any damage resulting therefrom, the same as if it had itself maintained the nuisance; and, that, as the accident happened because of the presence of the obstruction, it was the proximate cause of the injury. Assuming that there was authority in the city to permit the use of awnings when this one was erected, that authority did not extend to allowing awnings which in their construction would be nuisances in public thoroughfares.

Second. If defendant's contention be correct, the court also erred in dismissing the complaint. As already said, the city was bound to keep the streets, including the sidewalks, in such repair that a person lawfully using them might do so with safety. This awning covered the entire sidewalk in front of the building. It was constructed some 16 or 17 years prior to the time plaintiff was injured, and since that time substantially no repairs had been put upon it, except to replace the post broken the year before, and the post which broke on the day plaintiff was injured, or some part of it, was so far decayed that it would crumble when picked up. Under such facts the jury would have been justified in finding that the city had not performed its duty, in that it had failed to make an inspection of the condition of the post; that, had it done so, it would have discovered the defect, and had such post replaced by a stronger and more substantial one, and one which would not give way by a light truck colliding with it. This view is sustained by Hume v. Mayor, 74 N. Y. 264. There plaintiff was injured by the fall of a wooden awning, as here, and it was held that such awning, if insecurely supported, so as to be dangerous to persons using the street, was a defect in the street which the city was bound to repair, and if the city had notice of the danger, or it had existed so long that notice might be inferred, then the city was liable for damages resulting from such defect. In the present case, if the city did not have actual notice of the defective condition of this structure, it had constructive notice, in view of the time which it had existed.

I am also of the opinion that the court erred in excluding evidence tending to show that the awning in question had been inspected by an inspector of the incumbrances bureau some seven years prior to the accident, and by him pronounced in an unsafe condition. Had the plaintiff been permitted to prove this fact, it would have established, there being no evidence to the contrary, that the awning at the time in question was not only out of repair, but that the city had notice of it. Having shown the awning out of repair, then the burden was

upon the city to show that repairs had thereafter been made, and that the defect complained of had been remedied, and, in the absence of such proof, would have justified the jury in finding that that had not been done. After showing that a structure or machine is out of repair, there is no presumption, by mere lapse of time, that repairs have been made. This necessarily follows from the fact that inaction or lapse of time does not remedy defects, nor make repairs.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.