(121 App. Div. 391.)

## STRONG v. RUTLAND R. CO.

(Supreme Court, Appellate Division, Third Department. September 26, 1907.)

1. RAILROADS—ROADBED—CONSTRUCTION—NEGLIGENCE.

Where the culvert in a ravine over which the track of a railroad ran was large enough to provide for the passage of the natural water of the stream, but was not large enough to provide against accidental obstructions, so that, when a flood occurred, it was not of sufficient capacity to

carry off the water, in consequence of which it was dammed by the embankment and formed a pond, the railroad was negligent in failing to provide a proper culvert.

**2. SAME—MAINTENANCE OF ROADBED—NEGLIGENCE.**

Where a railroad maintaining a culvert over which its track ran allowed ice to accumulate therein, half filling it, in consequence of which water was dammed by the embankment of the roadbed, causing the same to give way on a train passing over it, the question of the negligence of the railroad in failing to keep the culvert in a reasonable condition was for the jury, though employés denied the presence of the ice in the culvert.

**3. APPEAL—REVIEW—DIRECTION OF VERDICT.**

A party against whom a verdict was directed is entitled on appeal to the most favorable inferences from the evidence, and all contested facts must be treated as established in his favor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

**4. MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.**

Where a brakeman had no knowledge of the rule forbidding him to leave his position on the top of a train, and his duties required him to assist the fireman, and it was customary for the brakeman to ride in the cab of the engine, he was not as a matter of law charged with negligence in leaving his position on the top of the train, or of a violation of duty in so doing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

**5. SAME—ASSUMPTION OF RISK.**

An employé assumes the ordinary risks incident to his employment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 550.]

**6. SAME.**

An employer cannot avail himself of his employé's assumption of risk, unless he has taken reasonable precautions to insure the employé's safety, and there is no exemption from liability for injuries sustained by the employé where the risk is unknown and the injuries are traced to the employer's failure to take such precautions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 547–549.]

**7. SAME—BURDEN OF PROOF.**

In an action by an employé for injuries, the burden of proving assumption of risk is on the employer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 892, 907.]

**8. SAME—QUESTION FOR JURY.**

Where a brakeman injured in consequence of the giving way of an embankment in the roadbed did not know of the dangers, and he had no opportunity to inspect the embankment to discover the defect, his assumption of risk was not conclusively established.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1088.]

Appeal from Trial Term, Franklin County.

Action by Frank Strong against the Rutland Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John H. Booth, for appellant.
John P. Badger, for respondent.

SEWELL, J.  This action was brought to recover damages for a personal injury alleged to have been caused by the negligence of the defendant.  At the close of the trial and pending the decision of a motion for the direction of a verdict in favor of the defendant, the court submitted to the jury whether the defendant was negligent, the plaintiff free from contributory negligence, and the amount of damages.  After it had answered these questions favorably to the plaintiff, the trial judge directed a verdict for the defendant.  Upon the verdict so directed the judgment appealed from was entered.  The principal question in this case arises upon the exception taken to the direction.

The answer admits that on the said 19th day of March, 1905, one of the defendant's train of cars, consisting of an engine, tender, and freight cars attached, was going westwardly in the direction of Malone; "that there existed at a point about a mile east of Malone Junction a culvert in a ravine or valley over which ran the track of the defendant's railroad; that at the time of the alleged accident the roadbed west of the culvert and the track thereon, because of the excessive rain that fell during the night of the 18th and 19th of March, 1905, had become partially undermined and weakened, and of insufficient strength to support the engine that hauled the said freight train * * *; that the embankment or roadbed west of said culvert and the track thereon suddenly broke and gave way and caved in, and the engine, tender, and one or more of the freight cars attached on which plaintiff was employed were precipitated into the cavity caused by such caving in of said embankment, and were injured and wrecked." The plaintiff, to establish the negligence of the defendant, gave evidence tending to show that, while the culvert was abundantly large for the natural stream, it was not large enough to provide against accidental obstructions, and that when a flood occurred from rain or the melting of snow it was not of sufficient capacity to carry off the water, in consequence of which it was damned by the embankment and formed a pond four or five rods across.  We think this evidence was sufficient to justify the inference that the defendant had failed to provide a proper and efficient culvert; but, if it be conceded that the opening was of sufficient capacity, there was evidence tending to show that the defendant was negligent in failing to exercise reasonable care in inspecting and maintaining the culvert.

One witness testified that he looked into the culvert after the accident, and found a great deal of ice in the culvert, "I should say that it was one-half full of glacier—I mean ice.  I mean solid ice, such as existed up and down the creek.  Ice that had the appearance of having formed there during the winter—solid ice."  Another witness testified that he looked in the culvert the morning of the accident, and there was a solid cake of ice which half filled it.  Although two of the defendant's employés testified directly contrary, it is quite evident that it was for the jury, and not for the court, to say whether the defendant had negligently permitted the culvert to be and remain clogged with ice.  A party against whom a verdict is directed is entitled to the most favorable inferences from the evidence, and all contested facts are to be treated as established in his favor.  Higgins v.

Eagleton, 155 N. Y. 466, 50 N. E. 287; Sundheimer v. City of New York, 176 N. Y. 495, 68 N. E. 867.

We are also of the opinion that the evidence presented a question of fact as to whether the plaintiff was guilty of contributory negligence in leaving his position on the top of the train, in violation of the printed rule introduced in evidence by the defendant. It did not appear that this rule was brought to his attention in any manner, and the undisputed evidence was to the effect that the plaintiff's duties frequently required him to leave "his position on the top of the train" and to assist the firemen. He testified that it was the usual custom for the head brakeman to ride in the cab of the engine, and the engineer testified that they frequently did. In the absence of any knowledge of the rule, the plaintiff could not in law be charged with negligence or a violation of duty in doing what was in conformity with the usual custom of brakemen. Neither could the court say as matter of law, upon the facts proved, that he assumed the risks. No doubt the plaintiff, upon entering the defendant's employ, assumed and assented to the ordinary risks incident to the service. But it is equally well settled that employers cannot avail themselves of this assent unless they have taken reasonable precautions to insure the servant's safety while in the performance of his duties, and there can be no exemption from liability for injuries sustained by a servant when the risk is unknown and the injuries are traced to the employer's failure to take such precautions. Ford v. L., S. & M. S. R. Co., 124 N. Y. 493, 26 N. E. 1101, 12 L. R. A. 454. On this issue the burden of proof was upon the defendant (Dowd v. N. Y., O. & W. R. Co., 170 N. Y. 459, 63 N. E. 541), and it cannot be said that it conclusively established the fact in accordance with its theory. On the contrary, the undisputed facts show that the risk was not obvious, that the plaintiff did not know of the dangers in advance, and had no opportunity to inspect the embankment for the purpose of discovering the defect.

Our conclusion, therefore, is that the judgment should be reversed, with costs to the appellant to abide the event, and the case remitted to the trial term to proceed upon the verdict. All concur.