OPINION OF THE COURT
Memorandum.
The order appealed from should be affirmed, with costs. In order to place the vendor of realty under a contract of sale in default for a claimed failure to provide clear title, the purchaser normally must first tender performance himself and demand good title (Cohen v Krantz, 12 NY2d 242; Higgins v Eagleton, 155 NY 466). Tender of performance by the purchaser is excused only if the title defect is not curable, for in such a case it would serve no purpose to require the purchaser to go through the futile motions of tendering performance. In this case, the claimed defects were curable, and, in fact, were subsequently cured. Moreover, not only did the purchaser itself fail to tender performance but, strangely, the vendor was never advised by the purchaser of the defects which it *704 allegedly found objectionable. Accordingly, the purchaser never placed the vendor in default, and is thus not entitled to recover its down payments made pursuant to the contract as extended.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.